**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY R. TURNER, | ) NO. CV 17-6853-PSG(E) |
| Plaintiff, | ) |
| v. | ) ORDER TO SHOW CAUSE |
| F. COTA, et al., | ) |
| Defendants | ) |

Plaintiff, a state prisoner, filed this civil rights action on August 4, 2017, in the United States District Court for the Northern District of California, accompanied by a Declaration in Support of Request to Proceed Without Prepayment of Filing Fees. The confused, rambling, stream-of-consciousness Complaint names as Defendants prison officials at the California Men's Colony in San Luis Obispo, Plaintiff's former place of incarceration.[1] Plaintiff appears to attempt to allege numerous claims, including but not limited to claims for alleged excessive force, asserted deliberate indifference to an alleged risk of assault from other inmates, asserted deliberate

---

[1] Plaintiff now is incarcerated at the California State Prison, Los Angeles County, at Lancaster, California.

indifference to medical needs, asserted deprivation of property, alleged retaliation and conspiracy and alleged interference with mail. The Complaint contains few coherent factual allegations, and it is unclear how the particular named Defendants purportedly were involved in the many acts of misconduct alleged.[2]

On September 13, 2017, the United States District Court for the Northern District of California transferred the action to this Court, without ruling on Plaintiff's request to proceed in forma pauperis.

On September 18, 2017, Plaintiff filed a "Notice of Motion for Complaint Review, etc." in the United States District Court for the Northern District of California, which was filed in this Court on September 21, 2017.

Under the Prison Litigation Reform Act, Pub L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may not bring a civil action in forma pauperis ("IFP") if, on three (3) or more previous occasions, the prisoner has brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous or malicious or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A denial of IFP status can count as a prior dismissal or "strike" for purposes of section 1915(g). O'Neal

---

[2] Indeed, it appears from the Complaint and Plaintiff's subsequently filed "Notice of Complaint Review" that Plaintiff may complain of alleged misconduct by prison officials at other institutions.

v. Price, 531 F.3d 1146, 1153-54 (9th Cir. 2008). A dismissal following a plaintiff's failure to amend a complaint in conformity with a prior order dismissing the complaint with leave to amend for failure to state a claim constitutes a strike. See Harris v. Mangum, 863 F.3d 1133, 1141-42 (9th Cir. 2017) ("A prisoner may not avoid incurring strikes simply by declining to take advantage of . . . opportunities to amend."). A dismissal for a repeated violation of Rule 8 of the Federal Rule of Civil Procedure also can count as a "strike" when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time. Knapp v. Hogan, 738 F.3d 1106, 1110-11 (9th Cir. 2013), cert. denied, 135 S. Ct. 57 (2014).

Sua sponte review of the dockets of other federal Courts in this Circuit has revealed that Plaintiff previously has filed three or more actions which may qualify as "strikes" under section 1915(g).[3]

**I.    Cases Filed in the United States District Court for the Eastern District of California.**

1. Turner v. Alamedia, CIV S-03-0754 LKK PAN P. After the Court dismissed Plaintiff's complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, Plaintiff filed a first amended complaint which again was deficient. On November 24, 2004, the

---

[3] The Court has verified that Plaintiff is the individual who brought the actions described herein by reference to the dockets of these actions showing Plaintiff's prison number, G-27511.

3

Magistrate Judge issued Findings and Recommendations recommending dismissal of the action for failure to obey an order to file an amended complaint that complied with Rule 8 of the Federal Rules of Civil Procedure. On March 9, 2006, the Court adopted the Findings and Recommendations and dismissed the action. Judgment was entered on March 9, 2006.

   2.   <u>Turner v. Woodford</u>, CV F 05-695 AWI LJO P. On November 9, 2006, the Court dismissed the complaint for failure to comply with Rule 8. Plaintiff did not file any amended pleading. Accordingly, on January 4, 2007, the Magistrate Judge issued Findings and Recommendations recommending dismissal of the action for failure to comply with the November 9, 2006 order. <u>See</u> <u>Turner v. Woodford</u>, 2007 WL 38003 (E.D. Cal. Jan. 7, 2007), <u>adopted</u>, 2007 WL 780030 (E.D. Cal. Mar. 14, 2007). On March 14, 2007, the Court adopted the Findings and Recommendations and dismissed the action for failure to obey the November 9, 2016 order. Judgment was entered on March 14, 2007.

   3.   <u>Turner v. Hickman</u>, 1:06-cv-00051-AWI-SMS-PC. On March 27, 2008, the Magistrate Judge issued an order dismissing the complaint with leave to amend for failure to allege a claim and failure to comply with Rule 8. Plaintiff did not file any amended pleading. On June 11, 2008, the Magistrate Judge issued Findings and Recommendations recommending dismissal of the action for failure to obey the March 27, 2008 order. <u>See</u> <u>Turner v. Hickman</u>, 2008 WL 2397446 (E.D. Cal. June 11, 2008), <u>adopted</u>, 2008 WL 2917819 (E.D. Cal. July 28, 2008). On July 28, 2008, the Court adopted the Findings and Recommendations and dismissed the action for failure to comply with

the March 27, 2008 order.  Judgment was entered on July 28, 2008.

    4.   <u>Turner v. Hickman</u>, CV-F-06-0332 OWW DLB P.  On July 20, 2006, the Magistrate Judge issued an order dismissing the complaint with leave to amend for failure to comply with Rule 8.  Plaintiff did not file any amended pleading.  On September 5, 2006, the Magistrate Judge issued Findings and Recommendations recommending dismissal of the action for failure to comply with the July 20, 2006 order.  On November 27, 2006, the Court adopted the Findings and Recommendations and dismissed the action for failure to obey the July 20, 2006 order.  Judgment was entered on November 27, 2006.

    5.   <u>Turner v. Tilton</u>, CIV S-07-0990 GEB GGH P.  On March 24, 2008, the Magistrate Judge issued an order construing Plaintiff's pleading as a civil rights complaint and dismissing the complaint with leave to amend for failure to comply with Rule 8.  <u>See</u> <u>Turner v. Tilton</u>, 2008 WL 802496 (E.D. Cal. Mar. 24, 2008).  Plaintiff did not file any amended complaint in conformity with the March 24, 2008 order.  On January 20, 2009, the Magistrate Judge issued Findings and Recommendations recommending dismissal of the action.  On May 18, 2009, the Court adopted the Findings and Recommendations and dismissed the action.  Judgment was entered on May 18, 2009.

    6.   <u>Turner v. Yolo County</u>, CIV S-07-1861 FCD EFB P.  On December 5, 2007, the Magistrate Judge issued an order dismissing the complaint with leave to amend for failure to comply with Rule 8 and ordering Plaintiff to submit a certified copy of his trust account statement for the past six months.  Because Plaintiff did not comply

with this order, on May 2, 2008 the Magistrate Judge issued Findings and Recommendations recommending dismissal of the action for failure to prosecute. On March 25, 2009, the Court adopted the Findings and Recommendations and dismissed the action. Judgment was entered on March 25, 2009. Plaintiff's appeal was dismissed for failure to prosecute.

7. <u>Turner v. United States</u>, CIV S-08-2087 EFB P. On October 26, 2010, the Magistrate Judge issued an order dismissing the complaint with leave to amend for failure to state a cognizable claim. Because Plaintiff did not file any amended complaint, the Court dismissed the action for failure to state a claim on December 7, 2010 and Judgment was entered on that date. The Ninth Circuit affirmed the Judgment on March 16, 2011 on the ground that the questions raised on appeal were "so insubstantial as not to require further argument."[4]

8. <u>Turner v. City of Woodland</u>, CIV-09-3326-DAD P. On July 1, 2010, the Magistrate Judge issued Findings and Recommendations recommending that the complaint be dismissed as duplicative of a complaint Plaintiff filed in a different action.[5] On July 20, 2010, the Court adopted the Findings and Recommendations and dismissed the action. Judgment was entered on that date.

---

[4] Because the Ninth Circuit "affirmed," this appellate decision may not count as a strike. See <u>El-Shaddai</u> <u>v. Zamora</u>, 833 F.3d 1036, 1045-46 (9th Cir. 2016).

[5] See <u>Cato v. United States</u>, 70 F.3d 1103 n.2 (9th Cir. 1995) (duplicative complaint subject to dismissal under former section 1915(d) authorizing dismissal of frivolous or malicious claims filed IFP).

9. <u>Turner v. Lawson</u>, CIV-S-10-0057 KJM P. On December 20, 2010, the Magistrate Judge issued an order dismissing the complaint with leave to amend for failure to state a claim for relief. See <u>Turner v. Lawson</u>, 2010 WL 5343346 (E.D. Cal. Dec. 20, 2010), <u>aff'd</u>, 478 Fed. App'x 417 (9th Cir. 2012). Plaintiff did not file any amended pleading. On January 25, 2011, the Magistrate Judge issued Findings and Recommendations recommending dismissal of the action. On February 28, 2011, the Court adopted the Findings and Recommendations and dismissed the action, and Judgment was entered on that date. The Ninth Circuit affirmed the Judgment on July 9, 2012.

10. <u>Turner v. Prieto</u>, 2:10-cv-0756 KJN P. On July 9, 2010, the court issued an order dismissing the complaint with leave to amend for failure to state a claim for relief. Plaintiff did not file any amended pleading. On August 24, 2010, the Court dismissed the action and Judgment was entered on that date. The Ninth Circuit affirmed the Judgment on January 12, 2011, on the ground that the questions raised in the appeal were so insubstantial as not to require further argument.

11. <u>Turner v. Thomas</u>, 2:10-cv-2369 MCE EFB P. On March 27, 2012, the Magistrate Judge issued an order dismissing Plaintiff's amended complaint with leave to amend for failure to state a claim and improper joinder. Plaintiff did not file any amended pleading in response to the order. On May 11, 2012, the Magistrate Judge issued Findings and Recommendations recommending dismissal of the action for failure to prosecute and failure to state a claim. On July 9, 2012, the Court adopted the Findings and Recommendations and dismissed the

action for failure to prosecute and failure to state a claim. Judgment was entered on July 9, 2012.

12. <u>Turner v. Kelso</u>, 1:11-CV-00527-DLB PC. On October 4, 2011, the Magistrate Judge issued an order dismissing improperly joined defendants and dismissing the complaint with leave to amend for failure to state a claim against the remaining defendants. See <u>Turner v. Kelso</u>, 2011 WL 4709665 (E.D. Cal. Oct. 4, 2011). Plaintiff did not respond to this order. On February 3, 2012, the Court dismissed the action for failure to obey the Court's October 4, 2011 order. The Ninth Circuit issued an order refusing to allow the appeal to proceed on the ground that it was "so insubstantial as to not warrant further review."[6]

13. <u>Turner v. Gibson</u>, 1:11-cv-1395-GBC PC. On February 9, 2012, the Magistrate Judge issued an order dismissing the complaint with leave to amend for failure to state a claim for relief. See <u>Turner v. Gibson</u>, 2012 WL 439418 (E.D. Cal. Feb. 9, 2012). Plaintiff did not file any amended pleading. On April 13, 2012, the Court dismissed the action for failure to state a claim for relief and Judgment was entered on that date.

---

[6] This dismissal could constitute a strike. See <u>El-Shaddai v. Zamora</u>, 833 F.3d at 1045-46 (the "style of the dismissal or the procedural posture is immaterial"; what matters is "whether the dismissal 'rang the . . . bells of frivolous, malicious, or failure to state a claim.'") (citations omitted); <u>In re Thomas</u>, 508 F.3d 1225, 1227 (9th Cir. 2007), <u>cert. denied</u>, 552 U.S. 1261 (2008) (summary disposition on ground that appeal is "insubstantial" is "similar[]" to dismissal of IFP action as frivolous).

14. Turner v. Hubbard, 1:11-cv-1670-DLB PC. On July 31, 2012, the Magistrate Judge issued an order dismissing the second amended complaint with leave to amend for failure to state a claim. See Thomas v. Hubbard, 2012 WL 3133617 (E.D. Cal. July 31, 2012). Plaintiff did not respond to this order. On October 23, 2012, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to prosecute and failure to state a claim. Plaintiff did not respond to the order to show cause. On November 21, 2012, the Court dismissed the action for failure to obey a court order and failure to state a claim. Judgment was entered on that date.

15. Turner v. Brazelton, 1:13-cv-1727 DLB PC. On March 20, 2014, the Magistrate Judge issued an order dismissing the complaint with leave to amend for failure to state a claim for relief. See Turner v. Brazelton, 2014 WL 1123817 (E.D. Cal. Mar. 20, 2014). Plaintiff did not file any amended pleading. On July 10, 2014, the Magistrate Judge ordered Plaintiff to show case why the action should not be dismissed for failure to prosecute and failure to obey a court order. Plaintiff did not comply with the order or contact the court. On August 25, 2014, the Court dismissed the action for failure to prosecute and Judgment was entered on that date.

**II. Case Filed in the United States District Court for the Northern District of California**

Turner v. California Supreme Court, C 13-0634 JSW (PR). On May 10, 2013, the Court dismissed the action on the grounds that: (1) Plaintiff had neither paid the filing fee nor submitted a proper

IFP application; and (2) the complaint failed to state a claim for relief. Judgment was entered on May 10, 2013. On May 29, 2013, the Ninth Circuit issued an order refusing to allow the appeal to proceed on the ground that it was "so insubstantial as to not warrant further review. . . ."

**III. Both the United States District Court for the Eastern District of California and the United States District Court for the Northern District of California have deemed Plaintiff to have suffered three or more "strikes" within the meaning of section 1915(d).**

**A. Eastern District**

1. <u>Turner v. Cates</u>, CIV-S-11-1744 CKD P. On August 22, 2011, the Court issued an order deeming the dismissals in these cases to constitute strikes: (1) <u>Turner v. United States</u>, CIV S-08-2087 EFB P; (2) the Ninth Circuit's order affirming the Judgment in <u>Turner v. United States</u>; and (3) <u>Turner v. City of Woodland</u>, CIV-09-3326 DAD P.

2. <u>Turner v. McCall</u>, 1:13-cv-1611-LJO-BAM (PC). On October 29, 2013, the Court issued an order deeming the dismissals in these cases to constitute strikes: (1) the cases identified in <u>Turner v. Cates</u>, 2:11-1744-CKD; (2) <u>Turner v. Thomas</u>, 1:10-cv-2369-MCE-EFB; (3) <u>Turner v. Gibson</u>, 1:11-cv-1395-GBC; and (4) <u>Turner v. Hubbard</u>, 1:11-cv-1670-DLB.
///
///

3. <u>Turner v. Gibson</u>, 1:13-cv-1612-LJO GSA PC. On October 10, 2013, the Court issued an order deeming the dismissals in these cases to constitute strikes: (1) <u>Turner v. United States</u>, CIV S-08-2087 EFB P; (2) the Ninth Circuit's order affirming the Judgment in <u>Turner v. United States</u>; and (3) <u>Turner v. City of Woodland</u>, CIV-09-3326-DAD P. See <u>Turner v. Gibson</u>, 2013 WL 5587391 (E.D. Cal. Oct. 10, 2013).

4. <u>Turner v. Kings County Superior Court</u>, 2:15-cv-2286 MCE CKD P. On May 6, 2016, the Court issued an order deeming the dismissals in these cases to constitute strikes: (1) <u>Turner v. United States</u>, CIV S-08-2087-EFB P; (2) <u>Turner v. Gibson</u>, 1:11-cv-1395-GBC PC; (3) <u>Turner v. Thomas</u>, 2:10-cv-2369-EFB P; and (4) <u>Turner v. Hubbard</u>, 1:12-cv-1670-SAB PC.

5. <u>Turner v. Barrer</u>, 2:16-cv-2251 TLN CKD P. On October 18, 2016, the Court issued an order deeming the dismissals in these cases to constitute strikes: (1) <u>Turner v. United States</u>, CIV S-08-2087 EFB P; (2) <u>Turner v. Thomas</u>, 2:10-cv-2369 MCE EFB P; and (3) <u>Turner v. Gibson</u>, 1:11-cv-1395-GBC PC.

**B. Northern District**

1. <u>Turner v. Brown</u>, C 13-1825-JSW (PR). On October 1, 2013, the Court issued an order deeming the dismissals in these cases to constitute strikes: (1) <u>Turner v. California Supreme Court</u>, C 13-0634

///
///
///

JSW (PR); (2) <u>Turner v. Richardson</u>, C 13-0910 JSW (PR);[7] (3) <u>Turner v. Dimitriou</u>, C 02-0117 MHP (PR);[8] and (4) <u>Turner v. Lewis</u>, C 10-5482 JSW (PR).[9]

   2.   <u>Turner v. Natividad Medical Center</u>, 17-cv-3992 EDL (PR).  On September 13, 2017, the Court issued an order to show cause deeming the dismissals in four cases to constitute strikes, including: (1) two cases brought in the Northern District: (a) <u>Turner v. California Supreme Court</u>, C 13-0634 JSW (PR); and (b) <u>Turner v. Lewis</u>, C 10-5482 JSW (PR); and (2) three cases brought in the Eastern District: (a) <u>Turner v. Thomas</u>, 2:10-cv-2369 MCE EFB P; (b) <u>Turner v. Gibson</u>, 1:11-cv-1395-GBC PC; and (c) <u>Turner v. United States</u>, CIV S-08-2087

---

[7] In <u>Turner v. Richardson</u>, C 13-0910 JSW (PR), the court dismissed the entire action on the ground that the complaint was barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  Subsequently, in <u>Washington v. Los Angeles County Sheriff's Dep't</u>, 833 F.3d 1048 (9th Cir. 2016), the Ninth Circuit held that, while a dismissal based solely on <u>Heck</u> grounds may qualify as a strike, "<u>Heck</u>-barred dismissals do not count as strikes where at least part of the action sounds in habeas and injunctive relief is sought."  <u>Stewart v. Booth</u>, ___ Fed. App'x ___, 2017 WL 3034320 (9th Cir. July 18, 2017); <u>see also</u> <u>El-Shaddai v. Zamora</u>, 833 F.3d at 1047 (dismissal of a challenge to conviction or sentence which was "like a habeas petition" not a strike).

[8] The docket for <u>Turner v. Dimitriou</u> available on the PACER database does not contain imaged documents, but indicates that, on April 23, 2002, the court dismissed the action for lack of subject matter jurisdiction.

[9] In <u>Turner v. Cates</u>, C 10-5482 JSW (PR), the Court dismissed the complaint with leave to amend as to prison official defendants located in the Northern District, based on improper joinder, and dismissed the action as to other defendants located in the Eastern District.  The Court subsequently dismissed an amended complaint for failure to correct the deficiencies in the original complaint.  It appears uncertain whether a dismissal in such circumstances can constitute a strike under section 1915(g).

EFB P.

**ORDER TO SHOW CAUSE**

Within twenty-one (21) days of the date of this Order, Plaintiff shall show cause in writing, if there be any, why Plaintiff's request to proceed in forma pauperis should not be denied on the ground that Plaintiff has suffered three or more dismissals qualifying as "strikes" under 28 U.S.C. section 1915(g). Failure to respond to this Order may result in the denial of Plaintiff's request and the dismissal of this action.

IT IS SO ORDERED.

DATED: September 28, 2017.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE